# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN BRIAN MITCHELL,

       Plaintiff,

v.

SGT. MARK RICHTER, SGT. FENN,
C.O. HANSEN, C.O. JOHNSON,
C.O. IVERSON, C.O. KERUGER,
DEPUTY WALTER, DR. KAREN BUTLER,
NURSE TRACY, NURSE BRENDA,
NURSE LISA, NURSE NICK, and
CAPT. BRINKMAN,

       Defendants.

Case No. 15-CV-1520-JPS

**ORDER**

  Plaintiff, who is incarcerated at New Lisbon Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #44). This matter comes before the Court on Plaintiff's motion for extension of time for discovery and inspection. (Docket #84).

  In this motion, Plaintiff makes two arguments. First, he contends that Defendants have failed to adequately respond to several of his discovery requests. *Id.* at 1. He does not seek any action by the Court, however, *see id.* at 1–2, and the Court would in any event deny a request to compel further responses to the discovery requests he identified. Plaintiff failed to provide the allegedly inadequate discovery responses and instead conclusorily asserts that they were insufficient. Without a complete record, the Court has no way to assess this claim. Moreover, because Plaintiff filed his discovery requests with the Court (Docket #82), the Court was able to review the requests at issue here. That review shows that there could be several

reasonable bases on which Defendants might decline to respond to Plaintiff's requests. As such, the Court cannot assume that their failure to respond—if they in fact failed to respond—was improper. *See MSTG, Inc. v. AT&T Mobility LLC*, No. 08 C 7411, 2011 WL 221771, at *6 (N.D. Ill. Jan. 20, 2011) (the initial burden in a motion to compel "rests with the party seeking discovery to explain why the opposing party's responses are inadequate") (citing *Whitlow v. Martin*, 259 F.R.D. 349, 356 (C.D. Ill. 2009)). Additionally, Plaintiff failed to comply with Federal Rule of Civil Procedure 37 and Civil Local Rule 37, both of which require a party seeking to compel discovery responses to include in such a motion a certification that the party has made a good-faith but unsuccessful effort to confer with his opponent in an attempt to resolve the discovery dispute without court involvement. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. For these reasons, even if Plaintiff had properly presented a motion to compel further discovery responses, it would be denied.

Second, Plaintiff complains that Defendants provided him video discs in response to his discovery requests that he cannot play using equipment available to him at New Lisbon Correctional Institution. (Docket #84 at 1–2). Plaintiff requests an extension of the discovery deadline to permit Defendants to provide compatible video discs. *Id.* at 2. Defendants filed a response to the motion on December 7, 2016, noting that after receiving Plaintiff's motion, they immediately reached out to the correctional institution in order to work with Plaintiff and the institution to provide the video in a usable format. (Docket #86). Because of these efforts are proceeding expeditiously, the Court sees no need to extend the discovery deadline further. The parties have already been granted an extension of that deadline and the Court warned at that time that it would not grant any additional extensions. (Docket #83 at 1–2). Moreover, Plaintiff does not say

how long an extension he seeks. As a result, the request for an extension of the discovery period will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of discovery and inspection (Docket #84) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge