# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN BRIAN MITCHELL,

          Plaintiff,

v.

MARK RICHTER, SERGEANT FENN,
CORRECTIONAL OFFICER HANSEN,
CORRECTIONAL OFFICER JOHNSON,
CORRECTIONAL OFFICER IVERSON,
CORRECTIONAL OFFICER KRUEGER,
DEPUTY WALTER, DR. KAREN BUTLER,
NURSE TRACY, NURSE BRENDA,
NURSE LISA, NURSE NICK, and
CAPTAIN BRINKMAN,

          Defendants.

Case No. 15-CV-1520-JPS

**ORDER**

On February 27, 2017, the Court granted summary judgment to all Defendants as to each of Plaintiff's claims. (Docket #157). After the Court entered judgment in their favor, several of the Defendants moved for awards of reasonable attorney's fees and costs. (Docket #159 and #162). Mitchell did not file any response to these motions. Despite this, the Court must deny the motions without prejudice at this time. Without determining whether Defendants are entitled to an award of fees, or what a reasonable fee would ultimately be, the Court notes that Defendants' evidentiary submissions fall woefully short of what is required to enable to the Court to evaluate the fee requests.

To calculate a reasonable attorney's fee, the district court generally begins by computing a "lodestar": the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). A reasonable hourly rate for lodestar

purposes is the attorney's "market rate," or "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999) (quotations and citations omitted). Although the lodestar yields a presumptively reasonable fee, the court may adjust the fee based on factors not included in the computation. *Montanez*, 755 F.3d at 553.

Defendants provide precious little in the way of supporting evidence for their requested awards. They submitted affidavits from their attorneys that contain conclusory averments regarding the number of hours expended in total by all participating employees of the law firm, both attorneys and paralegals, and the fees that resulted from these hours. In the nurse Defendants' attorney's affidavit, there is no indication as to what portions of the claimed hours were expended by which individuals. (Docket #160 ¶ 2), while Dr. Butler's attorney separates out the attorney and paralegal time, (Docket #163 ¶ 4).

Yet neither affidavit details anyone's billing rates, compares those rates to prevailing rates for similar services in the market, or describes with any precision the nature of the tasks that resulted in the time expended. These are details typically required in attorney's fee requests. *See Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (noting that evidence for an attorney's or paralegal's reasonable rate is normally derived from evidence regarding his actual billing rate and rates charged by similar practitioners in the community); *Six Star Holdings, LLC v. City of Milwaukee*, No. 10–C–0893, 2015 WL 5821441, at *5–6 (E.D. Wis. Oct. 5, 2015) (examining reasonableness of hours claimed based on review of billing records submitted). The Supreme Court has made clear that it is the burden of the party seeking fees to

"produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Without such evidence, the Court is unable to determine what a reasonable rate should be or whether the hours claimed were reasonable and necessary in this case.

Yet rather than deny an award of fees outright, the Court will instead deny the present motions without prejudice. Defendants may, if they choose, submit the motions a second time. If they do so, they should support their fee requests with appropriate documentation and evidence. Any such motion must be filed no later than fourteen (14) days from the entry of this Order.

Accordingly,

**IT IS ORDERED** that Defendants nurses Brenda, Lisa, Nick, and Tracy's motion for attorney's fees (Docket #159) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendant Dr. Karen Butler's motion for attorney's fees (Docket #162) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that these Defendants may file renewed motions for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) no later than **fourteen (14) days** from the entry of this Order.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge