# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN BRIAN MITCHELL,<br><br>                    Plaintiff,<br>v.<br><br>MARK RICHTER, SERGEANT FENN, CORRECTIONAL OFFICER HANSEN, CORRECTIONAL OFFICER JOHNSON, CORRECTIONAL OFFICER IVERSON, CORRECTIONAL OFFICER KRUEGER, DEPUTY WALTER, DR. KAREN BUTLER, NURSE TRACY, NURSE BRENDA, NURSE LISA, NURSE NICK, and CAPTAIN BRINKMAN,<br><br>                    Defendants. | Case No. 15-CV-1520-JPS<br><br><br><br><br><br>ORDER |

On February 27, 2017, the Court granted summary judgment to all Defendants as to each of Plaintiff's claims. (Docket #157). After the Court entered judgment in their favor, several of the Defendants moved for awards of reasonable attorney's fees and costs. (Docket #159 and #162). The Court denied these motions without prejudice because Defendants' evidentiary submissions did not equip the Court to evaluate the fee requests. *See* (Docket #169). Defendants submitted amended motions, (Docket #171 and #174), and Plaintiff filed a response, (Docket #177). Defendants have not replied, and the time to do so has expired. *See* Civ. L.

R. 7(c). For the reasons stated below, the Court will grant Defendants' motions and award them their reasonable attorney's fees.[1]

Attorney's fees may be sought under 42 U.S.C. § 1988(b), which provides that a district may award a reasonable fee "as part of the costs" to a prevailing party in a Section 1983 case. 42 U.S.C. § 1988(b). But to recover his fees, a defendant must do more than simply prevail. *Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir. 1990). To avoid chilling meritorious civil rights litigation, courts require a prevailing defendant to show that the plaintiff's action was brought in bad faith or was frivolous. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *Munson v. Milwaukee Bd. of Sch. Dir.*, 969 F.2d 266, 269 (7th Cir. 1992); *see also Khan v. Galitano*, 180 F.3d 829, 837 (7th Cir. 1999) (distinguishing "a weak argument with little chance of success," which does not merit fees for a defendant, from "a frivolous argument with no chance of success," which does).

This requirement is easily satisfied here, since the Court has already concluded that Mitchell fabricated his allegations of wrongdoing in a personal vendetta against Defendant Richter, which was laid bare by the indisputable video footage of the incident in question. *Mitchell v. Richter*, Case No. 15–CV–1520–JPS, 2017 WL 752162, at *14 (E.D. Wis. Feb. 27, 2017). Consistent with those observations, the Court finds that Mitchell's claims were factually frivolous and maintained in bad faith, thereby meriting an award of fees in Defendants' favor. *See id.*; *Tierney v. Vahle*, 204 F.3d 734, 740

---

[1]It is the Clerk of the Court who awards costs in cases like this one pursuant to Federal Rule of Civil Procedure 54(d), based on the prevailing parties' submission of their bill of costs. *See* Civ. L. R. 54. Accordingly, the Court will not award Defendants' costs in this Order.

(7th Cir. 2002) (affirming award of fees to defendant where plaintiff's claim was frivolous).

As noted in its recent order, to calculate a reasonable attorney's fee, the district court first computes a "lodestar": the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). A reasonable hourly rate for lodestar purposes is the attorney's "market rate," or "the rate that lawyers of similar ability and experience in their community normally charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999) (quotations and citations omitted). Although the lodestar yields a presumptively reasonable fee, the court may adjust the fee based on factors not included in the computation. *Montanez*, 755 F.3d at 553.

As part of their amended motions, consistent with the Court's instructions, Defendants submitted affidavits from their counsel, who provided their billing rates and testified that those rates are in line with the market rates in the community. Defendants also provided their detailed time records for the Court's review and averred that the time spent on this case was both reasonable and necessary to its successful defense. *See* (Docket #172, #173, and #175).

The Court, having reviewed the declarations and the attached time records, finds that the rates charged and the hours expended on this matter are reasonable. Plaintiff's one-page opposition challenges none of the claimed hours or rates. (Docket #177). His only arguments are (1) that there was a 400% increase in the fees requested and (2) that his *in forma pauperis* status should shield him from having to pay any fee award. *Id.* at 1. The

first assertion is simply incorrect, as Defendants' initial requests were only a few thousand dollars lower than their current requests.

As for Plaintiff's poverty, he offers no more than a single conclusory, unsworn sentence that he lacks sufficient funds to pay the fees and costs, which is clearly short of his burden to provide evidence that he cannot now or in the future pay these amounts. *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). Further, even if he had this evidence, the Court is not required to waive costs and fees simply because of Plaintiff's *in forma pauperis* status. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Imposing fees and costs on a prisoner, even though indigent, serves the important goal of forcing him to consider the merits of his suit before filing it and exposing himself to such expenditures. *Id.* at 460. In this case, Plaintiff undoubtedly failed to do this, so the Court has little sympathy that he must now pay the requisite costs of that decision.

As a result, in the absence of a valid objection and after careful review, the Court adopts Defendants' proposed fee awards as the lodestar: $16,304.50 for Defendant Dr. Karen Butler and $19,172.00 for the Nurse Defendants—Tracy Lund, Lisa Korslin, Nicholas Larkin, and Brenda Lemberger. Because Plaintiff has raised no valid reasons to further adjust the lodestar, and the Court independently detects none, these shall be the fee awards in this case. Pursuant to the dictates of the Prison Litigation Reform Act, 28 U.S.C. § 1915(f)(2)(A), the Court must order that these fee awards, which under Section 1988 are considered part of the "costs" in the case, be collected over time from Plaintiff's prison trust account as provided in Section 1915(b)(2). *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).

Accordingly,

**IT IS ORDERED** that Defendants nurses Brenda, Lisa, Nick, and Tracy's motion for attorney's fees (Docket #174) be and the same is hereby **GRANTED**. These Defendants be and the same are hereby awarded the sum of $19,172.00 in attorney's fees;

**IT IS FURTHER ORDERED** that Defendant Dr. Karen Butler's motion for attorney's fees (Docket #171) be and the same is hereby **GRANTED**. This Defendant be and the same is hereby awarded the sum of $16,304.50 in attorney's fees;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the fee awards listed above by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall distribute all payments received for Defendants' attorney's fees to counsel of record for the applicable parties, in amounts proportionate to their respective fee awards; and

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge